# REMITTITUR

## SUPREME COURT OF GEORGIA

Remittitur, Case No. S09Q2033                Atlanta, March 01, 2010

    The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

    DELMUS JERONE PHILLIPS et al v. ANNE R. MOORE

    This case came before this court upon a question certified by the Federal District Court and after consideration, it is ordered that the case be returned to that court with the instruction contained in the attached opinion, filed this day.

All the Justices concur, except Hunstein, C. J., who dissents.

Lower Court Case No.
0760142





## SUPREME COURT OF THE STATE OF GEORGIA

Clerk's Office, Atlanta  March 16, 2010

    I hereby certify that the above is a true extract from the minutes of the Supreme Court of Georgia.

    Witness my signature and the seal of said Court hereto affixed the day and year last above written.

_____ , Clerk

In the Supreme Court of Georgia

Decided: March 1, 2010

S09Q2033. PHILLIPS et al. v. MOORE.

THOMPSON, Justice.

Delmus Jerone Phillips created a trust in 1996 to hold real estate for his

benefit and that of his family. Under the trust instrument, Phillips is entitled to

receive the net income generated by the trust for the rest of his life. The trust

instrument does not, on its face, give Phillips any right to the trust corpus during

his lifetime. However, the trust does give Phillips a testamentary power of

appointment which allows him to appoint the trust property to anyone he

chooses, including his own personal estate or his creditors.

The trust instrument names specific beneficiaries to receive the corpus of

the trust if Phillips fails to exercise the power of appointment. And it contains

a "spendthrift provision," which protects the income and principal of the trust

from the claims of creditors.

Phillips filed for bankruptcy in 2007. The bankruptcy trustee moved for

summary judgment to determine whether the spendthrift provision was

enforceable. The bankruptcy court granted the bankruptcy trustee's motion for summary judgment and held that the corpus of the trust was property of the bankruptcy estate. On appeal, the district court found that the case involved a determinative issue of law for which there is no clear controlling Georgia precedent and, therefore, certified the following question to this Court for resolution:

> Whether a settlor of a trust is a sole beneficiary, such that creditors may reach the corpus of the trust, when the trust instrument gives the settlor no right to the corpus during his lifetime but provides him with a general power to appoint the trust corpus as he sees fit in his will and names specific beneficiaries to receive the corpus of the trust in the event that the settlor does not exercise his power of appointment?

In <u>Speed v. Speed</u>, 263 Ga. 166 (430 SE2d 348) (1993), the settlor created an irrevocable spendthrift trust which distributed the principal and interest to him, as necessary in the trustee's discretion, during his lifetime for his maintenance and support. The settlor retained a general power of appointment pursuant to which the trustee was to pay the remainder of the principal to the settlor's estate, upon the settlor's death, according to his will. No contingent beneficiary was named by the trust. The settlor's wife tried to reach the trust during divorce proceedings. This Court ruled in the wife's favor, finding that

2

the spendthrift clause did not shield the trust from creditors:

> The invalidity of self-settled spendthrift trusts stems from the idea that no settlor . . . should be permitted to put his own assets in a trust, of which he is the sole beneficiary, and shield those assets with a spendthrift clause, because to do so is merely shifting the settlor's assets from one pocket to another, in an attempt to avoid creditors.

(Punctuation omitted.) Id. at 168.

The trustee of the trust correctly points out that, unlike Speed, the trust in this case does not allow the settlor to take a distribution from the principal during his lifetime. Moreover, again unlike Speed, the trust at issue does name contingent beneficiaries in the event the settlor fails to exercise his power of appointment. Notwithstanding these differences, we think Speed controls the outcome of this case because, simply put, it stands for the proposition that the settlor should not be able to use a power of appointment to shield his own trust assets from his creditors. Although the trust in this case names contingent beneficiaries in the event the settlor does not exercise his power of appointment, the settlor retains a general power of appointment enabling him to dispose of the trust property to anyone, including his estate or his creditors. It follows that, as in Speed, the settlor is the sole beneficiary of the trust and the spendthrift

3

provision is unenforceable.

In Avera v. Avera, 253 Ga. 16 (315 SE2d 883) (1984), the trust provided that the corpus would be distributed to the settlor's children, but added that the settlor could amend the trust to distribute the corpus upon his death to any person *except his estate or any of his creditors*. Thus, the power of appointment in Avera was limited in that the settlor could not distribute the corpus of the trust to himself or his estate. In view of that limitation, this Court determined that the settlor was not the sole beneficiary of the trust and that the settlor's creditors could not reach the assets. In this case, on the other hand, the power of appointment is general because the settlor retained the power to appoint the corpus to his estate. Thus, Avera, upon which the trustee of the trust relies, is inapposite.

In passing, we note that, citing Avera, one commentator posits that Georgia takes a "traditional" approach to cases of this kind and that, therefore, where a trust agreement names beneficiaries, the settlor cannot be deemed the sole beneficiary even if he retains the power to destroy their interests. Scott on Trusts § 12.14.1, n. 4 (5th ed. 2009). We reject this assessment of Avera and clarify our law by answering the question posed in the affirmative.

Question answered. All the Justices concur, except Hunstein, C. J., who dissents.

S09Q2033. PHILLIPS et al. v. MOORE.

HUNSTEIN, Chief Justice, dissenting.

I respectfully dissent to the majority's holding.  I cannot agree that <u>Speed</u>

<u>v. Speed</u>, 263 Ga. 166 (430 SE2d 348) (1993) is controlling here given that the

trust in this case does not allow the settlor to take any distribution from the

principal during his lifetime.  The settlor cannot be said to be "shifting [his]

assets from one pocket to another," id. at 168, so as to "shield his own trust

assets from his creditors," Maj. Op., p. 3, when settlor himself is completely

unable to utilize those assets during his own lifetime.  Accordingly, I would

answer the certified question in the negative.



Supreme Court
State of Georgia

STATE JUDICIAL BUILDING

Atlanta 30334

CAROL W. HUNSTEIN, CHIEF JUSTICE
GEORGE H. CARLEY, PRESIDING JUSTICE
ROBERT BENHAM
HUGH P. THOMPSON
P. HARRIS HINES
HAROLD D. MELTON
DAVID E. NAHMIAS
JUSTICES

THERESE S. BARNES, CLERK
JEAN RUSKELL, REPORTER

## SUPREME COURT OF THE STATE OF GEORGIA
### CLERK'S OFFICE, ATLANTA

I hereby certify that the foregoing pages hereto attached contain a true and complete copy of the opinion of the Supreme Court of Georgia in the case therein stated, as appears from the original of file in this office.

Witness my signature and seal of the said Court

hereto affixed the day and year above written.



_____ Clerk