UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN RE:

DELMUS JERONE PHILLIPS,

Debtor,                    **Bankruptcy Case
                           No. 07-60142**

---

**GREGORY JERONE PHILLIPS, as
Trustee of the D.J.P. Trust dated January
1, 1996,**

**Appellant,**

v.                         **608CV102**

**ANNE R. MOORE, TRUSTEE,**

**Appellee.**

## ORDER

### I.     BACKGROUND

On 1/1/96, Delmus Jerone Phillips ("Debtor" or "Settlor") created the "The D.J.P. Trust" ("the Trust") to hold certain real estate "for his benefit and the benefit of his family." Doc. # 1-4 at 22 (bankruptcy court's memorandum and order on motions for summary judgment). On 3/20/07, the Debtor filed for relief under Chapter 7 of the bankruptcy code. *Id.* During those proceedings, the bankruptcy court held that the corpus of the Trust was property of the bankruptcy estate. *Id.* at 31. Before the Court is an appeal from that order. *Id.* at 36 (amended notice of appeal).

On 8/18/09, after a thorough review of the bankruptcy court's order, the briefs of the parties, and the relevant Georgia case law, this Court found that this case involved a determinative issue of law for which there was no clear controlling Georgia precedent. Doc. # 5. Thus, the Court certified the disputed question of law to the Supreme Court of Georgia for resolution:

> Whether a settlor of a trust is a sole beneficiary, such that creditors may reach the corpus of the trust, when the trust instrument gives the settlor no right to the corpus during his lifetime but provides him with a general power to appoint the trust corpus as he sees fit in his will and names specific beneficiaries to receive the corpus of the trust in the event that the settlor does not exercise his power of appointment?

*Id.* at 7.

The Supreme Court of Georgia has answered the question posed in the affirmative, reasoning that the Settlor "is the sole beneficiary of the Trust and the spendthrift provision is unenforceable." Doc. # 7 at 4-5. An unenforceable spendthrift provision will not shield the Debtor's assets and his retained interest can be reached by creditors. *See Speed v. Speed*, 263 Ga. 166, 167 (1993).

Because the bankruptcy court correctly determined that the corpus of the Trust was property of the bankruptcy estate, doc. # 1-4 at 21-31, the decision of the bankruptcy court is ***AFFIRMED.***

This day of 25 March 2010

*B. Avant Edenfield*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA